IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CT-3212-FL

| BRUCE WINSTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| DR. STOCK; DR. SARA BEYER; DR. ROSCOE RAMSEY; P.A. JONES; MS. JUSTICE, Camp Administrator; and A. FORTE, Camp Counselor, | ) | |
| Defendants.[1] | ) | |
| -- | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Interested Party. | ) | |

This matter is before the court on defendants' motion to dismiss, which the court construes as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, (DE 33). The motion has been fully briefed and in this posture the issues raised are ripe for ruling. For the reasons that follow, the court grants the motion and dismisses plaintiff's claims without prejudice.

**STATEMENT OF THE CASE**

Plaintiff, a federal inmate proceeding pro se, commenced this action by filing complaint on August 13, 2018, asserting claims for violations of his civil rights pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,</u> 403 U.S. 388 (1971). Plaintiff alleges

---
[1] The court dismissed formerly-named defendants Ms. McDaniels, All U.S. Federal Bureau of Prisons Administrative Officers, and Butner Federal Medical Center by separate order entered May 13, 2019.

that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Plaintiff's complaint also requested emergency preliminary injunction or temporary restraining order. On October 15, 2018, the court directed the Federal Bureau of Prisons ("BOP") to respond to plaintiff's request for injunctive relief. On February 27, 2019, the court denied plaintiff's motion for preliminary injunction, and directed plaintiff to file amended complaint particularizing his claims.

Plaintiff timely filed his amended complaint. The amended complaint alleges defendants Dr. Stock ("Stock"), Dr. Sara Beyer ("Beyer"), Dr. Roscoe Ramsey ("Ramsey"), P.A. Jones ("Jones"), Ms. Justice ("Justice"), and A. Forte ("Forte") were deliberately indifference to his serious medical needs. As relief, plaintiff seeks various forms of injunctive relief, including immediate medical testing at outside medical facilities, provision of a CPAP machine, additional pillows, and oversight of his medical care by an independent physician. In the alternative, plaintiff requests placement in the BOP's elderly offender home detention program.

On May 13, 2019, the court conducted its frivolity review of the amended complaint and allowed the action to proceed. Plaintiff then filed the following motions: to appoint counsel (June 19, 2019); to amend complaint (June 25, 2019); and for discovery (July 26, 2019).

On August 28, 2019, defendants filed the instant motion to dismiss, supported by declaration of Brandon Jones, declaration of Michael Lockridge, and plaintiff's administrative remedy records. On September 10, 2019, the court issued notice, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that it may construe the motion as one for summary judgment and provided plaintiff with instructions regarding how to respond to the motion. On October 17, 2019, plaintiff filed response to the motion, supported by plaintiff's declaration,

administrative remedy records, and correspondence between plaintiff and defendants Forte and Justice. Defendants filed reply in further support of the motion on October 31, 2019.

On December 6, 2019, the court entered order denying plaintiff's motions to amend the complaint and appoint counsel, and terminating plaintiff's motion for discovery. That same day, plaintiff filed unauthorized surreply in opposition to defendant's motion for summary judgment, attaching in support additional medical records.

## STATEMENT OF THE FACTS

The facts, viewed in the light most favorable to plaintiff, may be summarized as follows.[2] Plaintiff is a federal inmate housed at the Federal Medical Center in Butner, North Carolina ("FMC-Butner"). (Am. Compl. (DE 17) § V). He suffers from a number of health conditions including atrial fibrillation, sleep apnea, and Wegener's Disease. (Id. Exs. 3,10 (DE 17-1)). On April 12, 2018, plaintiff met with defendant Jones, a physician's assistant at FMC-Butner. (Id. at 9).[3] Plaintiff requested certain unidentified tests and medical equipment, and defendant Jones stated he "would look into it" and instructed plaintiff to "wait for the call-out [for additional appointments]." (Id.). As of the date plaintiff filed the amended complaint, plaintiff had not received the medical tests, further treatment, or the requested medical equipment. (Id.). On October 18, 2018, plaintiff had a "chance" encounter with defendant Jones, who refused to discuss his medical issues at that time. (Id.). Plaintiff's additional requests for appointments with defendant Jones have been denied, and defendant Jones allegedly has "avoided" further contact

---

[2] The following factual summary is taken from plaintiff's verified amended complaint, filed March 22, 2019, and exhibits attached thereto. Reference also is made to the administrative record.

[3] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

3

with plaintiff. (Id.).

On September 20, 2018, plaintiff met with defendant Ramsey, a BOP physician. (Id.). Defendant Ramsey met with plaintiff for approximately three hours, but did not order plaintiff's requested treatment, medical tests, or medical equipment. (Id.). Defendant Ramsey has not scheduled any further appointments with plaintiff. (Id.).

On October 18, 2018, defendant Beyer, also a BOP physician, spoke with plaintiff about his medical issues, including his requests for medical testing and equipment. (Id.). Defendant Beyer ordered a cardiology consultation, but the appointment was later cancelled for an unknown reason. (Id.). Plaintiff's attempts to discuss the issue with defendant Beyer have been "thwarted" by defendant Justice, a BOP administrator. (Id.).

Defendant Stock leads the Utilization Treatment Committee, which sets policies for medical treatment at FMC-Butner, and approves certain medical procedures. (Id.). Although plaintiff has not met with defendant Stock, plaintiff alleges he "has imputed knowledge of the avoidance of treating inmates" at FMC-Butner. (Id.).

Defendant Forte is plaintiff's BOP counselor. (Id. at 10). On or about September 5, 2018, plaintiff submitted an "attempt at informal resolution" form to defendant Forte. (See Pl.'s Resp. Ex. A-1 (DE 41-1)). On October 4, 2018, plaintiff submitted a formal request for administrative remedy, alleging that BOP medical providers were refusing his requests for treatment of his serious medical issues. (Id. Ex. A-2 (DE 41-2)). On November 16, 2018, the FMC-Butner warden responded to plaintiff's grievance, finding that BOP staff were appropriately treating plaintiff's health issues. (Id. Ex. A-4 (DE 41-4)). On or about November 19, 2018, plaintiff requested a "BP-10" administrative remedy form in order "to continue my administrative

4

remedy process." (Id. Ex. A-5 (DE 41-5)). Defendant Forte, however, refused to give plaintiff the required form. (Id.; see also Am. Compl. (DE 17) ¶ VI). Nevertheless, on January 27, 2019, plaintiff filed a "regional administrative remedy appeal" on the BP-10 form. (Pl.'s Resp. Ex. A-7 (DE 41-7)). On March 15, 2019, the Mid-Atlantic Regional Director responded to plaintiff's BP-10 appeal, finding BOP staff were appropriately treating and monitoring plaintiff's health conditions. (Lockridge Decl. Attach. 4 (DE 35-5)). On March 29, 2019, plaintiff filed a "central administrative remedy appeal" labeled as a "BP-11." (Id. Ex. A-8 (DE 41-8)). The record does not contain a BOP response to plaintiff's March 29, 2019, appeal.

## DISCUSSION

A.  Standard of Review

Where defendants' motion to dismiss relies on matters outside the pleadings, the court construes the motion as one for summary judgment. See Fed. R. Civ. P. 12(d). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case

properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.  Analysis

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with

respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and the court therefore may not excuse failure to exhaust, even to take special circumstances into account. Ross v. Blake, 136 S. Ct. 1850, 1856 (2016); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006). Administrative grievances must contain sufficient detail to "alert[] the prison to the nature of the wrong for which redress is sought" and "give prison officials a fair opportunity to address the alleged [mistreatment]." Wilcox v. Brown, 877 F.3d 161, 167 n.4 (4th Cir. 2017) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)); Moore v. Bennette, 517 F.3d 717, 726 (4th Cir. 2008).

Administrative grievances must be exhausted before the inmate brings suit. Jones v. Bock, 549 U.S. 199, 202 (2007). However, the exhaustion timeline is adjusted when the inmate brings a supplemental claim under Federal Rule of Civil Procedure 15(d). Rule 15(d) permits litigants to file supplemental pleadings addressing claims that arise after the original complaint was filed. See Fed. R. Civ. P. 15(d). Although the United States Court of Appeals for the Fourth Circuit has not addressed the issue, courts generally have held that supplemental claims can be exhausted during the pendency of the underlying litigation, provided the inmate exhausts all administrative remedies before filing the supplemental complaint. See, e.g., Jackson v. Fong, 870 F.3d 928, 934-35 (9th Cir. 2017); Barnes v. Briley, 420 F.3d 673, 678 (7th Cir. 2005); see also Mattox v. Edelman, 851 F.3d 583, 591-92 (6th Cir. 2017) (permitting inmate to exhaust administrative remedies for supplemental claims during the pendency of the underlying litigation only in the event that one of the claims in the original complaint was fully exhausted).

The BOP's administrative remedy procedure includes four steps. The inmate first must

present the complaint to BOP staff and attempt informal resolution. See 28 C.F.R. § 542.13. In the event informal resolution is unsuccessful, the inmate must submit a formal written administrative remedy request on a BP-9 form directed to the warden. See 28 U.S.C. § 542.14. If dissatisfied with the warden's response, the inmate may appeal to the BOP's regional director, using the BP-10 form, and then to the BOP's general counsel, using a BP-11 form. See 28 U.S.C. § 542.15.

Here, plaintiff submitted his first informal grievance regarding his medical care on September 5, 2018, approximately a month after he initiated this action. (Pl.'s Resp. Ex. A-1 (DE 41-1)). Accordingly, the claims alleged in plaintiff's original complaint clearly are unexhausted. See Jones, 549 U.S. at 202. To the extent plaintiff's March 22, 2019, amended complaint contains supplemental claims under Rule 15(d), such claims were not exhausted prior to plaintiff filing his amended complaint. As reflected in plaintiff's response to the instant motion for summary judgment, plaintiff did not file his final BP-11 appeal until March 29, 2019, (see DE 41-8), approximately a week after he filed the instant amended complaint. Jackson, 870 F.3d at 935 (explaining prisoner must exhaust administrative remedies before filing the "operative complaint"); Barnes, 420 F.3d at 678 (same).

Plaintiff argues that defendant Forte denied his requests for the BP-10 and BP-11 forms, which caused the delay in pursuing his administrative grievances. An inmate only is required to exhaust "available" administrative remedies. See 42 U.S.C. § 1997e(a); Ross, 136 S. Ct. at 1858-60. As relevant here, an administrative remedy process is unavailable if "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 136 S. Ct. at 1860.

8

While defendant Forte's alleged refusal to provide the BP-10 and BP-11 forms caused some delay in grievance process, plaintiff ultimately was allowed to file his BP-10 regional administrative appeal, which BOP administrators denied on the merits. (Lockridge Decl. Attach. 4 (DE 35-5)). Furthermore, plaintiff filed the BP-10 regional appeal on January 27, 2019, and it was denied on March 15, 2019, before plaintiff filed the amended complaint in this action. (Id. Attachs. 4 & 5 (DE 35-4, 35-5)). Plaintiff, therefore, was not prevented from accessing the BOP's administrative remedy procedure prior to filing the amended complaint. See Ross, 136 S. Ct. at 1860 (explaining administrative exhaustion is not "available" if prison officials "prevent" inmates' "use of otherwise proper procedures"); Moore, 517 F.3d at 725 ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); see also Hill v. O'Brien, 387 F. App'x 396, 400-01 (4th Cir. 2010) (holding genuine factual disputes precluded summary judgment on administrative exhaustion defense where BOP counselor failed to provide administrative remedy forms, destroyed others, or failed to respond to the plaintiff's grievances, and thereby prevented plaintiff from accessing the grievance procedure). As set forth above, plaintiff also filed his final BP-11 appeal on March 29, 2019, which similarly belies his claim that the BOP's administrative remedy procedure was unavailable.[4]

In sum, plaintiff failed to exhaust available administrative remedies. Accordingly, the court dismisses without prejudice plaintiff's claims. A dismissal without prejudice means plaintiff can file a new action based on these claims after exhausting administrative remedies.

---

[4] Notably, the administrative record does not contain a response to plaintiff's BP-11 appeal. If one was not received within the time allotted for a reply, including any allowed extensions, plaintiff may treat the absence of a response to be a final denial at that level. 28 C.F.R. § 542.18.

**CONCLUSION**

Based on the foregoing, the court GRANTS defendants' motion to dismiss, construed as a motion for summary judgment, (DE 33). Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge